JAMES A. JACKSON, and others, Executors, in equity,

*vs.*

ROBERT H. THOMPSON, and others.

Kennebec.    Opinion October 10, 1891.

*Will.    Trust.    Residue.    Trustees' Bond.    R. S., c. 68, § 2.*

A testator, after making certain specific legacies by his will, disposed of the rest of his estate as follows: " Item 4. At my decease, I direct my executors to hold the balance of my property that may remain after paying the amount named in this will, to each of my three daughters, for the benefit of my son, R. H. Thompson. I direct my executors to pay my son only the income of five thousand dollars during his natural life, provided, however, there should be five thousand dollars left after paying my three daughters the amount named in this will. If there should be a surplus left after paying all the above sums named in this will, I direct my executors to divide the sum if any, among my four children, one quarter to each. I will here say to my executors, that in case my son should become a sober and a man of good habits, and they should think it would be for his interest to let him have a part or the whole of the property I have left him, they may do so. I leave them to be the judges. I will here inform my executors that my son has had in cash from me, since he was twenty-one years old, upwards of five thousand dollars, the account of the same may be found in my trunk."

*Held:* That the five thousand dollars, specifically named, is clearly devised in trust to be held for the benefit of the son upon the terms and conditions stated; that on the settlement of the estate the executors will become trustees by operation of law; and whether they should give bond as such is a question to be first determined by the Probate Court. *Held, also,* that no trust is created as to the son's interest in the residue of the estate.

Upon a bill in equity to determine the construction of a will, the court does not decide questions relating to the validity of assignments made by beneficiaries under the will.

ON REPORT.

Bill of interpleader, heard on bill and answers, to obtain the construction of a will. The bill was brought by the executors of Robert Thompson, late of Farmingdale, deceased. All his heirs and legatees were made parties; also, the persons to whom his son, a legatee, had assigned and transferred his interest in the estate as collateral security.

It appears from the bill that of an estate of about forty-two thousand dollars there remained in the hands of the executors for distribution, under the residuary clause, about twelve thousand dollars.

The principal question was whether the son had an absolute and immediate right to one quarter of the residue after payment of the other bequests in the will, or was it to be held in trust by the executors for him in the same manner and for the same purposes as the legacy of five thousand dollars named in the same clause. The case is stated in the opinion.

*Baker, Baker and Cornish*, for plaintiffs.

By the first clause of item 4, the balance of the property that may remain after paying the amount named in the will to each of the three daughters, is to be held in trust by the executors for the benefit of the son. They are to hold all of the son's share. The defendants' construction ignores and rejects this clause. The trust idea in the first clause is carried out with detail in the next clause, the income only of which is to be paid to him. The natural interpretation of the third clause requires his quarter to be held in trust. Why should the father, so careful as to the five thousand dollars, have intended that the surplus be given outright? It shows in what proportions it was to be divided but does not specify the interest each child was to have in such portion. That interest was impliedly the same as in the rest of the property. The two clauses must be construed as one to obtain the general intent of the whole will. *German* v. *German*, 27 Pa. St. 116; *Metcalf* v. *Framingham Parish*, 128 Mass. 370; *Dolbears' Appeal*, 28 Conn. 590; *Wells* v. *Williams*, 136 Mass. 333; 2 Jar. Wills, p. 60 *et seq.*; *Barnes* v. *Dow*, 59 Vt. 530; *Greenwood* v. *Greenwood*, L. R. 5 Ch. Div. 954. A court of equity will look to the clear intent of the testator, and if need be, raise a constructive trust when none has been expressly declared. *Knight* v. *Knight*, 3 Beav. 148; *Lucas* v. *Lockhart*, 10 Sm. & M. 466 (S. C. 48 Am. Dec. 766 and note). The trust is reiterated in the fourth clause, revealing the father's interest in his son, desiring his executors to carefully guard his property for him. Thus construed there is no repugnancy. *Covenhoven* v. *Shuler*, 2 Pai. Ch. 73. To recapitulate : the testator puts the son's entire property in trust in general terms. He put a portion, five thousand dollars, in trust in special terms. In distributing a possible surplus he specifies the share, but does

not in terms repeat it is to be held in trust. Finally, he reaffirms the trust. An immediate beneficial interest vested in the son, the time of payment, only, being postponed. *Richardson* v. *Knight*, 69 Maine, 285 ; *Holden* v. *Blaney*, 119 Mass. 421 ; *McMichael* v. *Hunt*, 83 N. C. 344 ; *Millard's Appeal*, 87 Pa. St. 457.

*Heath and Tuell*, for defendant, Thompson, and others.

Assignment valid and not in issue by the pleadings. *Palmer* v. *Stevens*, 15 Gray, 343. Assignees not necessary parties. There should be a trustee bond. The sisters' husbands are the trustees interested to deprive their co-legatee of any part of the principal. This court will not pass now upon the question of the discretionary powers of the probate judge in excusing bond. The powers conferred upon the executors in the fourth clause of the fourth item intended to remove a limitation, not to create one. It removes a restriction imposed in the earlier part of the item. No power of investment is here given. The principal is ordered expressly to be paid the son without limitation. The testator thought the residue would be small ; and willing his son should have it without limitation. Plaintiffs'. theory gives the son no right to the income of the residuary fund ; otherwise the testator would have given him same absolute right to the annual income of this fund as he did in the five thousand dollars. To avoid repugnancy, the court may transpose the clauses of the fourth item. 1 Redf. Wills, \*447 (4th Ed.) ; *Chaplin* v. *Doty*, 60 Vt. 712.

LIBBEY, J. This is a bill in equity for the construction of the will of Robert Thompson, deceased. The clauses of the will involved in the contention are as follows :

"Item 1st. I give and bequeath to my daughter, Kate A. Morrell, ten thousand dollars or her heirs forever.

"Item 2nd. I give and bequeath to my daughter, Abbie C. Rich, ten thousand dollars or her heirs forever.

"Item 3rd. And as I have given my daughter, Lucy D. Jackson, my house and lot in Farmingdale, with all the buildings thereon, and also all the land in the rear of said lot, that I

owned, called the Gould lot, the value of said house and land I have given her, I consider it cheap at five thousand dollars, and in order to make my daughter's, Lucy D. Jackson's, portion equal to my other two daughters', I direct my executors to pay her five thousand dollars ($5,000), which will make her portion equal to my other two daughters', viz. : ten thousand dollars to each of my three daughters or their heirs forever.

"Item 4. At my decease, I direct my executors to hold the balance of property that may remain after paying the amount named in this will to each of my three daughters, for the benefit of my son, R. H. Thompson. I direct my executors to pay my son only the income of five thousand dollars during his natural life, provided, however, there should be five thousand dollars left after paying my three daughters the amount named in this will. And if there should be a surplus left after paying all the above sums named in this will, I direct my executors to divide the sum, if any, among my four children, one quarter to each.

"I will here say to my executors that in case my son should become a sober and a man of good habits, and they should think it would be for his interest to let him have a part or the whole of the property I have left him they may do so. I leave them to be the judges. I will here inform my executors that my son has had in cash from me since he was twenty-one years old, upwards of five thousand dollars, the account of the same may be found in my trunk.

"I hereby appoint James A. Jackson, of Farmingdale, Richard Rich, now of Washington, D. C., and George C. Morrell, now of Sharon, Massachusetts, my executors of this my last will and testament. It is my wish that my executors give no bonds as I have full confidence they will do just as I have requested them to do."

The following questions are submitted to the court by the complainants :

"First. Whether by the terms of said will any trust is created as to the specific five thousand dollars first named in said will to be held by said executors for the benefit of said Robert H. Thompson and whether your complainants are made the trustees

thereof under said will, and if yes, what are the terms of said trust, and must the trustees give bond therefor; and if no trust, then what disposition shall the executors make of said five thousand dollars, and what effect, if any, have said assignments or either of them on said R. H. Thompson's interest in the specific legacy.

"Second. Whether by the terms of said will any trust is created as to said Robert H. Thompson's interest in the residue remaining in the hands of said executors after the payment of all the specific legacies named in said will, including the five thousand dollars named in question first, and whether your complainants are made the trustees thereof under said will, and. if yes, what are the terms of said trust, and must the trustees give bond therefor; and if no trust, then what disposition shall the executors make of said Thompson's interest in said residue, and what effect if any have said assignments, or either of them, on said R. H. Thompson's interest in the residue."

As to the first clause in the first question submitted, there is no contention between the parties. The five thousand dollars named in the fourth item in the will is clearly devised in trust to be held by the executors for the benefit of Robert H. Thompson, upon the terms and conditions clearly stated. On the settlement of the estate, the executors will become trustees by operation of law. Whether they should give bond as such, is a question to be first determined by the Probate Court; and it can be brought into this court only by appeal. It is not properly before this court in a bill for the construction of the will. R. S., c. 68, § 2.

Nor is the question of the validity of the assignment to Heath and Tuell properly before us on such a bill. We may say, however, that we see nothing in the will, nor is any legal reason suggested, restricting the right of the legatee to assign his interest.

The great contention between the parties is under the second question: whether by the terms of the will any trust is created as to Robert H. Thompson's interest in the residue of the estate, after payment of the special bequests.

We think not. Certainly no trust is created by the language

of the bequest, "And if there should be a surplus left after paying all the above sums named in this will, I direct my executors to divide the sum, if any, among my four children, one quarter to each." By this language, the share of Robert H. is devised to him as absolutely and unconditionally as the shares of the daughters are to them. But it is claimed that the intention of the testator to create a trust as to the whole share of his estate devised to Robert H., is apparent from other clauses of the will, for the reason which he there expressed. The first clause of item four is relied on. But while this clause in terms devises all his estate remaining after paying the special legacies to his daughters, to his executors, for the benefit of his son Robert, this is immediately followed by the limitation of the amount to be held by them to five thousand dollars, if there should be so much, and directing them to pay him the income of that sum *only* during his life, afterwards giving them the discretionary power to pay over to him a part or all of the principal on the contingency named. This, in the light of the terms of the whole item, cannot be held as conveying the whole remainder of his estate after payment of the legacies to his daughters; if so, there would be no surplus left to be devised to the four children. On a careful examination of all the terms of the will, we do not find language, clearly showing the intention to devise Robert's share of the remainder in trust. There is nothing declaring the duties of the executors as trustees, in regard to that sum. The testator may have had the intention to place it in trust; if so, he failed to express it.

Upon a full settlement of the estate by the executors, and a decree of distribution, it is their duty to pay to Robert H. Thompson, or his legal assignees, his share of the remainder.

> *Decree accordingly. Each party to recover his taxable costs, to be paid by the executors out of the estate.*

PETERS, C. J., WALTON, VIRGIN, HASKELL, and WHITEHOUSE, JJ., concurred.